**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **THEODORE WAGNER,** | ) | |
| **ID # 98565-071,** | ) | |
| Movant, | ) | **No. 3:12-CV-3571-P (BH)** |
| **vs.** | ) | |
| | ) | |
| **WARDEN CRUZ,** | ) | **Referred to U.S. Magistrate Judge** |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas petition filed under 28 U.S.C. § 2241 should be construed as a motion to vacate, set aside, or correct his sentence filed pursuant to § 2255 and should be transferred to the District of South Carolina, Charleston Division, where movant was convicted

**I  BACKGROUND**

Theodore Wagner ("Movant"), an inmate in the federal prison system incarcerated at FCI Seagoville, filed a *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* ("Motion") that was received on August 24, 2012.

On August 14, 2002, movant pled guilty in the District of South Carolina, Charleston Division, to one count of production of child pornography and one count of possession of child pornography. The district court denied his motion to withdraw his guilty plea, and on April 30, 2003, he was sentenced to 151 months' confinement. *See United States v. Wagner*, 88 Fed. App'x 593 (4th Cir. Feb. 23, 2004), *cert. denied*, 125 S.Ct. 339 (2004); *United States v. Wagner*, No. 2:02-cr-0181-PMD (D. S.C.. April 30, 2003). He appealed, and on February 23, 2004, the Fourth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion. *United States v.*

*Wagner*, slip op. at *1-2.

Movant then filed a motion to set vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the District of South Carolina, and it was denied on its merits on June 22, 2005. *United States v. Wagner*, 377 F.Supp.2d 505 (D. S.C. June 22, 2005), *appeal dismissed*, 146 Fed. App'x 701 (4th Cir. Oct. 31, 2005). On June 13, 2011, Movant filed a § 2241 petition in this Court that was construed as a § 2255 motion and transferred to the District of South Carolina. *Wagner v. Cruz*, No. 3:11-CV-1269-L (N.D. Tex. July 21, 2011).

Movant now contends that he is being held in prison due to an ongoing conspiracy that began when he was indicted, that he was maliciously prosecuted, and that he is innocent of the charges against him. (Mot. at 4-5).

## II. NATURE OF SUIT

Although movant filed his petition under 28 U.S.C. § 2241, his claims that he was maliciously prosecuted and is innocent of all charges properly arise under § 2255. (Mot. at 4-5). Section 2255 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing," whereas § 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). A petition filed under § 2241 is not a substitute for a § 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition that seeks to challenge the validity of a federal sentence, *i.e.*, by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the

2

remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255. *Padilla*, 416 F.3d at 426. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830. A petitioner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate).

In order to show that § 2255 is either ineffective or inadequate to test the legality of his detention, Movant must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in prior § 2255 petition. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

Movant has not met his burden to show that § 2255 is inadequate to test the legality of his detention. He is attempting to bypass the bar on successive motions to vacate by filing a § 2241

3

petition. His filing should therefore be construed as a motion to vacate under 28 U.S.C. § 2255 challenging his federal conviction and sentence in that case. *See Pack*, 218 F.3d at 452.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A person may only file an action under 28 U.S.C. § 2255 in the court which imposed the sentence. *See* 28 U.S.C. § 2255(a); *United States v. Weathersby*, 958 F.2d 65 (5th Cir. 1992). Because movant was convicted and sentenced in the District of South Carolina, Charleston Division, this action should be transferred to that Court.

### IV. RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **CONSTRUED** as a motion to vacate filed under 28 U.S.C. § 2255 and should be **TRANSFERRED** to the District of South Carolina, Charleston Division. Movant should also be **ADMONISHED** that he may be subject to sanctions if he continues to file claims in this Court that were or could have been raised in his initial motion to vacate in the District of South Carolina.

4

**SIGNED this 5th day of September, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE